UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAQUAN MCPHERSON,

                PLAINTIFF,                  **COMPLAINT**

        -AGAINST-                      **ECF CASE**

NEW YORK CITY, POLICE OFFICER JOHN DOE,
individually and in his capacity as a member of the
New York City Police Department,
                            DEFENDANT.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff Mr. Daquan McPherson ("Mr. McPherson") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about January 13, 2015, in which an officer of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. McPherson to false arrest and unreasonable seizure.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. McPherson, is a 25 year old African-American male.

7. Mr. McPherson is a resident of the Bronx and at all times here relevant resided at 335 East 166 Street Apartment 4C, Bronx, NY, 10456.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer John Doe ("PO John Doe") at all times here relevant was a member of the NYPD, and is sued in his individual and professional capacities.

10. At all times mentioned, defendant was acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. On or about January 6, 2015, Mr. McPherson took a vehicle for repair to L&C Auto Repair Inc. ("L&C"), at 557 Long Fellow Avenue, Bronx, NY 10474.

12. The vehicle belonged to Mr. McPherson's girlfriend, Krista Richards ("Ms. Richards").

13. Mr. McPherson used the vehicle and had a possessory interest in the vehicle.

14. Mr. McPherson paid L&C a cash deposit of $1,500.

15. Mr. McPherson returned several days later and observed that the vehicle had been damaged while in the auto repair shop.

16. Mr. McPherson paid L&C the agreed upon fee and took the vehicle home.

17. On or about January 12, 2015, PO John Doe called Mr. McPherson and Ms. Richards and asked them to bring proof of ownership of the vehicle to the 41st Precinct.

18. On or about January 13, 2015, Mr. McPherson and Ms. Richards went to the 41st Precinct with paperwork that stated that Ms. Richards was the current owner of the vehicle.

19. PO John Doe stated that Mr. McPherson owed money to L&C and demanded that Mr. McPherson pay this money to L&C or Mr. McPherson would be arrested.

20. Mr. McPherson refused to pay L&C any further money.

21. PO John Doe arrested Mr. McPherson and charged him with grand larceny.

22. PO John Doe took the keys for the vehicle and seized the vehicle, without the consent or knowledge of Mr. McPherson or Ms. Richards.

23. PO John Doe then took the vehicle to L&C.

24. Following Mr. McPherson's arrest the District Attorney declined to prosecute Mr. McPherson.

25. Mr. McPherson was able to retrieve the vehicle.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

26. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

27. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

28. Defendant has deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendant.

29. Defendant confined plaintiff.

30. Plaintiff was aware of, and did not consent to, his confinement.

31. The confinement was not privileged.

32. Plaintiff has been damaged as a result of defendant's actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### SECOND CAUSE OF ACTION

(42 USC 1983 and Fourth Amendment – Improper Search and Seizure)

33. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

34. Defendant has deprived plaintiff of his civil, constitutional and statutory rights under the color of law and are liable to plaintiff under 42 USC 1983.

35. Defendant has deprived plaintiff of his right to be free of unreasonable searches pursuant to the Fourth Amendment to the United States Constitution, in that defendant unreasonably took custody of plaintiff's vehicle.

36. Plaintiff had a possessory interest in the vehicle and defendants acted unreasonably in the circumstances by seizing possession of the vehicle.

37. Plaintiff has been damaged as a result of the defendant's actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendant together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
July 2, 2015

By:    /s/
Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075